UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

J&J SPORTS PRODUCTIONS, INC.                    CIVIL ACTION

v.                                              NO. 13-6532

ANTOJITOS EL ARRIERO, LLC, ET AL.               SECTION "F"

ORDER AND REASONS

Before the Court is a motion for summary judgment by defendants Antojitos El Arriero, Raul Guijarro, and Veronica Torres. For the reasons that follow, the defendants' motion is DENIED.

Background

This litigation arises out of the alleged infringement upon J&J Sports Productions, Inc.'s rights as the exclusive commercial domestic distributor of a pay-per-view televised boxing program, "Good v. Evil": Angel Cotto v. Antonio Margarito WBA Super World Light Middleweight Championship Fight Program, which aired on Saturday, December 3, 2011. On December 1, 2013, J&J sued Antojitos El Arriero, Raul Guijarro, and Veronica Torres. J&J alleges that Antojitos El Arriero illegally and intentionally intercepted and displayed this boxing program for commercial advantage and private financial gain, in violation of 47 U.S.C. § 605(a). J&J seeks damages and attorney's fees pursuant to § 605(e)(3)(C)(ii) and (e)(3)(B)(iii).

Antojitos El Arriero is located at 2633 Williams Boulevard, Kenner, Jefferson Parish, Louisiana 70062. The plaintiff, J&J, alleges that Guijarro and Torres, who are co-owners of Antojitos, directed employees of Antojitos to unlawfully intercept and broadcast J&J's boxing program inside Antojitos on December 3, 2011. Furthermore, J&J alleges that Antojitos publicized this viewing event on facebook™.

An investigator, Will Bourne, said that he visited Antojito's on December 3, 2011 on J&J's behalf. In his sworn affidavit, he described the waitress who served him, the decor of the restaurant's interior, and the broadcast of a pay-per-view boxing event in which Mike Jones defeated Sebastian Andres Lujan.[1] Although Bourne stated in this affidavit that the address of Antojitos was 6233 Williams Boulevard, in a subsequent sworn affidavit, Bourne explained that his first affidavit had inadvertently misstated the address, and that the address of the building he actually entered was 2633 Williams Boulevard. Billie Gautreaux, an employee of the Department of Inspection & Code Enforcement for the City of Kenner, which issues addresses for the City of Kenner, states in his affidavit that the address 6233 Williams Boulevard is non-existent.

The defendants now seek summary judgment.

---

[1] J&J submits that this bout between Jones and Lujan was an undercard bout on the main card of the "Good v. Evil" boxing broadcast featuring Angel Cotto v. Antonio Margarito.

I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that

3

cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Law and Application

The defendants submit that there is no genuine dispute regarding whether investigator Will Bourne entered Antojitos El Arriero, located at 2633 Williams Boulevard, and whether he viewed the boxing program "Good v. Evil" on December 3, 2011. They submit that his own sworn affidavit clearly demonstrates that Bourne entered some other establishment located at 6233 Williams Boulevard, and that he viewed another boxing program with Mike Jones and Sebastian Andres Lujan.[2] Evaluating the facts in the light most favorable to the non-moving party, the Court cannot agree that these assertions resolve any genuine issues of material fact.

The defendants fail to acknowledge investigator Bourne's second sworn affidavit, in which he claims to correct the address

---

[2]The defendants also seemingly raise additional defenses in their "Affidavit of Facts," arguing that the program was properly purchased for private viewing, not advertised, and only viewed in private. However, these contentions were not made in the defendants' argument section, the unsworn "Affidavit of Facts" does not constitute competent evidence, and they are otherwise unsupported by the record. See Martin, 819 F.2d at 549.

he misstated in his first affidavit. Moreover, their narrow focus on the stated address of the establishment Bourne visited fails to address the highly detailed description he gave of the building's interior. Considering the sworn affidavit of Billie Gautreaux, which states that there is no such address of 6233 Williams Boulevard, Kenner, Louisiana, it is plain to the Court that a dispute as to the location visited by inspector Bourne does, indeed, exist. Similarly, whether the fight between Mike Jones and Sebastian Andres Lujan was an undercard bout on the main card featuring Angel Cotto and Antonio Margarito is also an unresolved issue of material fact. Summary judgment is inappropriate on this record.

Accordingly, the defendants' motion for summary judgment is DENIED.

New Orleans, Louisiana, July 30, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE